UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDERSON, | No. 2:16-cv-2530 GGH P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court has not ruled on the application to proceed in forma pauperis.

Petitioner is serving a term of nine years to life imprisonment with the possibility of parole. He was convicted on February 4, 1974 for assaulting another prisoner, while he was in prison serving his first, life-term sentence. The only ground raised in the instant petition is denial of representation by a skilled attorney. The relief sought by petitioner is a "Motion for Emergency Release Under Three Judge Court Order of February 10, 2014," "for California prison inmates (60) years old or older who have served 25 years or more on indeterminate or determinate sentence."

Review of the petition and attached exhibits, and review of the Inmate Locator Website

1

operated by the California Department of Corrections and Rehabilitation (CDCR),[1] indicates that petitioner is 77 years of age, and has been incarcerated under the authority of the CDCR since 1963. Petitioner is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran. The petition indicates that petitioner's claim is not exhausted. Review of the California Appellate Court Case Information website[2] indicates that petitioner has not challenged a matter in the California Court of Appeal or California Supreme Court since 2012. Petitioner requests issuance of an order granting his motion for emergency release based on his advanced age.

Federal habeas relief is available "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional and requires that the matter challenged by a federal habeas petition be premised on a claim that petitioner's "custody offends federal law." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010). Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Petitioner appears to be challenging the refusal of prison authorities to parole petitioner pursuant to California's "Elderly Prisoner Parole Program." However, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7 (1979)). Because petitioner's challenge does not state a federal habeas claim, this action should be dismissed. Petitioner may direct his papers to the Prison Law Office, at General Delivery, San Quentin CA

---

[1] See http://inmatelocator.cdcr.ca.gov/. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] See http://appellatecases.courtinfo.ca.gov/index.html. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

94964.  See "Information re:  Elderly Prisoner Parole," issued January 2015 by the Prison Law Office, at p. 2 ("If you are an eligible lifer and think the elder parole program is not being fairly applied to you, please write us.  We will read your letter and consider whether we can help.").[3]

Furthermore, to the extent petitioner maintains a claim of ineffective assistance of counsel, it would appear that this claim is unexhausted and time barred.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  Petitioner's claim has not been presented to the California Supreme Court.  See also 28 U.S.C. § 2244(d)(1) (one year period of limitation shall apply to an application for writ of habeas corpus).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice, see Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2016

                                           /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH:076/ande1045.elderly-pr-fr

---

[3] See http://www.prisonlaw.com/research.php.